IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41312
Summary Calendar
_____

DAVID LANCELOT JENKINS, JR.,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-748
--------------------
November 6, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Lancelot Jenkins, Jr., TDCJ-ID # 793786, appeals the
dismissal of his 28 U.S.C. § 2254 application as time-barred.
The district court granted a certificate of appealability ("COA")
on the issue whether "the date of issuance of the mandate from
the state appellate courts controls the date upon which a habeas
petitioner's conviction becomes final for purposes of 28 U.S.C.
§ 2244(d)."

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

It is not necessary to decide in this case whether the date of the issuance of the mandate controls the running of the limitations period. Assuming, arguendo, that Jenkins' one-year period began from September 21, 1999, the date of the issuance of the mandate, his federal petition would be untimely. Jenkins would not get the benefit of the ninety-day period for seeking certiorari from the Supreme Court, because he did not file a petition for discretionary review, and the Supreme Court does not take into account the mandate date. See SUP. CT. R. 13.1, 13.3. Under this assumption, Jenkins had until September 21, 2000, to file his federal petition. His state application was filed September 26, 2000, after the limitations period had expired. Because the state petition did not toll the running of the limitations, his December 16, 2000, submission was untimely.

AFFIRMED.